UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | No. 10-510 |
| v. | : | |
| | : | Hon. Jerome B. Simandle |
| SETH A. FUSCELLARO | : | |
| Defendant. | : | |
| | : | |

**O R D E R**

**AND NOW**, this _____ day of _____ , 2013, upon consideration of the Motion of Defendant Seth Fuscellaro for a Bill of Particulars, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. The Government shall, within twenty (20) days of the entry of this Order, file a Bill of Particulars that specifically identifies each witness who will testify that Seth Fuscellaro either conspired to, or, artificially inflated the values of the identified real estate transactions that are the subject of the indictment. The government shall also identify the manner and means of how Seth A. Fuscellaro artificially inflated the value of the real estate that is the subject of this indictment.

BY THE COURT:

_____
                                                                  J.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | |
| | : | No. 10-510 |
| v. | : | |
| | : | Hon. Jerome B. Simandle |
| SETH A. FUSCELLARO | : | |
| Defendant. | : | |
| | : | |

## MOTION OF DEFENDANT SETH A. FUSCELLARO FOR
## A BILL OF PARTICULARS

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant, Seth A. Fuscellaro, by and through undersigned counsel, respectfully requests an order from this Court directing the Government to file and serve upon him a Bill of Particulars. The facts in support of Seth Fuscellaro's Motion are set forth below.

1. In July of 2012, the Government filed a 3-count Superseding Indictment in the above captioned case that included twelve (12) named defendant's and eleven (11) additional, known, but unnamed defendants, with Conspiracy to Commit Wire Fraud, Conspiracy to Commit Money Laundering, and Attempted Murder of a Witness. The defendant Seth A. Fuscellaro is only charged in Count 1 (Conspiracy to Commit Wire Fraud) of the Indictment.

2. The gist of the allegations in the Superseding Indictment is that defendants Timothy Ricks and Darryl Henry held themselves out to the public as investors of real estate. These two defendants would locate allegedly overdeveloped and financially distressed condominium units in the Wildwoods.

3. The indictment alleges that Timothy Ricks and Darryl Henry would negotiate buy out prices from the developers. As a part of their negotiations, Ricks and Henry would agree on an elevated price for the units that was higher than the developers buyout price so that there would be a large amount of proceeds left over from the sale after the developer was paid. Ricks and Henry would also negotiate a fee for their services in marketing and for producing buyers for these properties, in the form of finder's fees agreements. The finder's fees would be paid out of the excess money from the settlement.

4. The indictment alleges that as a part of the conspiracy, Timothy Ricks, Daryl Henry, Kinard Henson, Willie Richardson, Sean Souels, Orlando Allen and others would recruit "straw purchasers" to purchase the properties. Some of the listed "straw purchasers" include Larry Fullenwider and Dwayne Onque. "Straw purchasers" were individuals who would agree to act as a buyer for Ricks and Henry, even though they did not have the financial resources to qualify for a mortgage. They were being used by Ricks and Henry because they had good credit scores.

5. The indictment alleges that the straw purchasers were informed by Timothy Ricks, Darryl Henry, Willie Richardson, Sean Souels and Kinard Henson, that they would not have to pay mortgages or other fees, would not have to make any down payment or deposit and would be paid a fee in exchange for their use of their name and credit to obtain a loan for the property.

6. The indictment alleges that Timothy Ricks, Darryl Henry, and Angel Celli would create false financial documents for the straw buyers, or conspire to create false financial documents for the straw buyers.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

7. The indictment alleges that these false financial identities would be forwarded on to Deborah Hanson and Nancy Wolf-Fels, who, knowing they were false financial identities, would be submitted by them as mortgage brokers for the purpose of securing a mortgage for the properties.

8. The indictment alleges that mortgages were issued on various properties to unqualified buyers. Ricks, Henry and straw purchasers were paid out of these funds.

9. The indictment alleges Angela Celli and Seth Fuscellaro "helped conceal the true sales prices of certain properties through inflated sales contracts and sales and finder's fees agreements".

10. Counsel for the defense and the Assistant United States Attorney and the investigating agents have met several times, and have had countless phone conversations regarding the indictment. In the course of our many conversations regarding this case, the government has agreed with counsel for the defense that Seth Fuscellaro was not involved in the procurement of straw buyers, had no knowledge that any buyers were, in fact, "straw buyers", did not receive any funds from the sales of these properties, did not create any false financial backgrounds for any straw buyers and did not have any role in mortgage applications or approvals. The government has alleged, both in the indictment and to counsel for the defendant, that the only role played by Seth Fuscellaro in this conspiracy is that he allegedly artificially inflated the value of some the real estate units.

11. The government has produced hundreds of pages of statements from witnesses and cooperating defendants. There is not one witness who has stated, either directly or indirectly, that Seth Fuscellaro artificially inflated the value of the reals estate.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

12. The government has produced thousands of pages of documents in the form of mortgage applications, real estate transfers, and other attenuated documents associated with the buying and selling of documents. There is not one document produced by the government that shows that Seth Fuscellaro artificially inflated the value of any real estate.

13. In the thousands of pages of discovery provided by the government, there is no evidence that Units 302, 202 and 203 of 401 E. Stockton Road, Wildwood, New Jersey, were not worth $599,000.00.

14. Accordingly, Seth Fuscellaro cannot adequately prepare his defense, and would be surprised at trial.

WHEREFORE, Defendant Seth A. Fuscellaro respectfully requests that the Court enter an order requiring the Government to file a Bill of Particulars that specifically identifies each witness who will testify that Seth A. Fuscellaro either conspired to, or actually artificially inflated the value of the real estate named in the indictment, and will identify the manner and means in which Seth A. Fuscellaro artificially inflated the value of the real estate.

Respectfully Submitted,

Dated: June 12, 2013     **BORUM, BURKE DiDONATO & VOCILLC**

s/ Thomas F. Burke
Thomas F. Burke, Esquire
1500 JFK Blvd.
Two Penn Center- Suite 900
Philadelphia, PA 19102
Tel.: 215-567-1248
Fax: 215-940-2701
tburke@borumburke.com

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> : <br> v. : <br> : <br> NORMAN M. WERTHER : <br>              Defendant. : <br> : | CRIMINAL ACTION <br><br> No. 10-510 <br><br> Hon. Jerome B. Simandle |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT'S FOR A BILL OF PARTICULARS**

    Seth A. Fuscellaro presents this Court with a narrowly tailored request to ensure that he and his undersigned counsel can adequately prepare his defense and avoid surprise during trial. He seeks neither discovery of the Government's evidence nor its legal theories. Instead, he merely asks to be informed of the nature of the accusations he faces. Seth Fuscellaro's request is well within the intended purposes served by a bill of particulars. Federal Rule of Criminal Procedure 7(f) provides that the court may exercise its discretion to require the Government to file of a bill of particulars. The intended function of a bill of particulars:

> is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.

United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972), citing United States v. Tucker, 262 F. Supp. 305, 308 (S.D.N.Y. 1966). Amendments in 1966 to Fed. R. Crim.P. 7(f) eliminated an earlier requirement of a showing of cause. This was

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

done "to encourage a more liberal attitude by the courts toward bills of particulars ...." Fed. R. Crim. P. 7(f) Advisory Committee's Notes. "The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." Addonizio, 451 F.2d at 64 (footnote and citation omitted).

The granting of a bill of particulars is addressed to the sound discretion of the Court. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir.) cert. denied, 502 U.S. 925 (1991). "A bill of particulars should be granted where the indictment is too vague or indefinite to reasonably allow a defendant to prepare a defense." United States v. Dolan, Crim. No. 00-629 (E.D. Pa., June 19, 2001) quoting United States v. Mariani, 90 F.Supp.2d 574, 591 (M.D. Pa. 2000). Through a bill of particulars, a defendant is entitled to "those central facts which will enable him to conduct his own investigation of the transactions giving rise to the charge." United States v. Manetti, 323 F. Supp. 683, 696 (D. Del. 1971); see also United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Courts resolve doubts "in favor of disclosure and the conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." Manetti, 323 F. Supp at 696.

In United States v. Smith, 16 F.R.D. 372 (W.D.Mo. 1954), the opinion commended by the advisory committee in recommending the 1966 amendment to Rule 7(f), the Court stated that a bill of particulars:

> is to furnish to the defendant <u>further information</u> respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial, and when necessary for those purposes, is to be granted even though it requires the furnishing of information which in other circumstances would not be required because evidentiary in nature, and an accused is entitled to this as of right.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

> Bills of particulars have grown from very small and technical beginnings into most important instruments of justice...While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it.

Id. at 374-75 (citations omitted). Accordingly, when information requested in a bill of particulars is necessary for a defendant to prepare a defense, disclosure is appropriate even if it, by necessity, calls for some evidence or disclosure of a legal theory of the government. Id. at 375; United States v. Thevis, 474 F. Supp. 117, 124 (N.D.Ga. 1979), aff'd, 665 F.2d 616 (5th Cir. 1982) ("This amendment requires that the defendant be given the benefit of the doubt in gray areas."); United States v. Crisona, 271 F. Supp 150, 156 (S.D.N.Y. 1967) (defendant should not be deprived of information solely because information sought might be used by the government as evidence). Nor should a court deny a motion for bill of particulars on the ground that granting it would limit the government's proof at trial. Thevis, 474 F. Supp. at 123, citing United States v. Neff, 212 F.2d 297, 309-10 (3d Cir. 1954) (when a bill of particulars "strictly limits the prosecution to proof within the area of the bill," a continuance of trial could be granted to allow defendant to meet any supplemental bill and to avoid prejudice to defendants.).

In this motion, Seth Fuscellaro reasonably requests that the Court require the Government to file a bill of particulars that merely outlines the witnesses who will testify that Seth Fuscellaro artificially inflated the value of the real estate, and the manner and means of how it was accomplished.

The indictment includes over twenty people, both charged and uncharged, and over thirty real estate transactions in two different states.  The indictment specifically alleges that Seth Fuscellaro conspired to hide the true value of real estate by artificially inflating the value of the properties.  However, the government does not allege in the indictment who will say that or how

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

it was done.  The vast amount of discovery provided in this case is equally devoid of any evidence of what was alleged in the indictment, such that Seth Fuscellaro could reasonably prepare for those witnesses and evidence.  The indictment against Seth Fuscellaro is vague, and the discovery devoid of facts substantiating the allegations in the indictment.

Based upon a reasonable application of the foregoing legal authority to the facts of this case, Seth Fuscellaro is entitled to the particulars sought herein to avoid surprise at trial and adequately and fairly prepare a defense to the charges against him. Thus, Seth Fuscellaro respectfully requests that the Court grant his motion.

Respectfully Submitted,

Dated: June 12, 2013         **BORUM, BURKE DiDONATO & VOCI LLC**

s/ Thomas F. Burke
Thomas F. Burke, Esquire
1500 JFK Blvd.
Two Penn Center- Suite 900
Philadelphia, PA 19102
Tel.: 215-567-1248
Fax: 215-940-2701
tburke@borumburke.com

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Motion for Bill of Particular and Supporting Memorandum of Law, has been forwarded to the counsel listed below on this 12th day of June, 2013, via e-mail notification of an electronic case filing.

Matthew Smith, Assistant U.S. Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101

s/ Thomas F. Burke
Thomas F. Burke, Esquire
**BORUM, BURKE, DiDONATO & VOCI**

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)